UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the Matter of the Complaint of JOHN BOISA and MIRIAM LYELL

Case No. 26-cv-09034-HSG

**ORDER SETTING CASE MANAGEMENT CONFERENCE**

Pending before the Court is the Ex Parte Application and Motion for Approval of Ad Interim Stipulation for Value, Notice and Monition, and Order Restraining Claims, filed by Plaintiffs-in-Limitation John Boisa and Miriam Lyell. Dkt. No. 7. Having reviewed the materials, the Court wants to ensure that they are consistent with the requirements of the Limitation of Liability Act ("LOLA"), 46 U.S.C. §§ 30501 *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims. Specifically, the proposed notice contains the following monition:

> [A]ny person, company, or entity of any kind who has or may have such a claim or show contests (1) either Plaintiffs-in-Limitation's right to exoneration or (2) Plaintiffs-in-Limitation's limitation of liability must file with the Court and serve on Plaintiffs-in-Limitation's counsel . . . an Answer to the Complaint **on or before November 2, 2026**, or forever be barred and enjoined from such claims.

Dkt. No. 7-1 at 3 (emphasis in original). The Court has two questions about this.

*First*, LOLA appears to provide "minimum time limits" for giving notice of claims or bringing civil actions for personal injury or death that are inconsistent with the timeline contemplated by Rule F and provided in the parties' proposed notice. *See* 46 U.S.C. § 30526(b).

Section 30526(b) provides that a vessel owner may not limit the time period to file claims for personal injury or death for "seagoing vessels" to less than six months from the date of the injury or death, and for "covered small passenger vessels," to less than two years from the date of the injury or death. 46 U.S.C. § 30526(b)(1). However, the November 2, 2026, deadline proposed by Plaintiffs-in-Limitation is less than six months after the July 14, 2026, capsizing and sinking of the *M/Y Volare*.

*Second*, the monition above directs persons, companies, or entities to file and serve "an Answer to the Complaint" by November 2, 2026. Dkt. No. 7-1 at 3. The language, however, does not say anything about the filing or serving of *claims*, despite the language of Rule 4. *See* Fed. R. Civ. P. Supp. AMC Rule F(4) ("[T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them *to file their respective claims* with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." (emphasis added)).

The Court therefore **SETS** a case management conference on September 8, 2026, at 2:00 p.m., to discuss these issues. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. Plaintiffs-in-Limitation need not file a joint case management statement beforehand.

**IT IS SO ORDERED.**

Dated: 9/4/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge