UNITED STATES DISTRICT COURT FOR THE

NOTHERN DISTRICT OF CALIFORNIA

In the matter of the Complaint and John Boisa and Miriam Lyell as the owners of the motor yacht *Volare*, a 1980 Marine Trader 50, Hull Identification No. CF5536 VR, being approximately 49.7 ft. in length

Case No: 26-903400-HSG

ORDER GRANTING EX PARTE APPLICATION FOR APPROVAL OF PLAINTIFFS-IN LIMITATION'S AD INTERIM STIPULATION, APPROVING SECURITY, DIRECTING NOTICE AND MONITION, AND RESTRAINING ALL CLAIMS

Haywood S. Gilliam United States District Judge

In Admiralty

John Boisa and Miriam Lyell ("Plaintiffs-in-Limitation"), as owners of the motor yacht *Volare* ("*M/Y Volare*") filed a Complaint on August 26, 2026 [Document 1] for exoneration from or limitation of liability pursuant to 28 U.S.C. § 1333 (2026), 46 U.S.C. § 30501 (2025) *et seq* ("LOLA"), and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims ("Supplemental Rules") for all claims arising out of the capsizing and sinking of the *M/Y Volare* on July 14, 2026 in the navigable waters of San Francisco Bay, California near Alcatraz Island. Attached to the Complaint were an *ad interim* Stipulation for Value [Comp., Exhibit 1, Document 1-1] and a Letter of Undertaking from Progressive Direct Insurance Company [Comp, Exhibit 2, Document 1-2] for security of value and costs.

On September 9, 2026, Plaintiffs-in-Limitation filed the instant ex parte application and motion for an order (1) approving their (i) *ad interim* Stipulation and (ii) Letter of Undertaking for security. (2) directing issuance of Notice and Monition, (3) immediately restraining the commencement or further prosecution of any and all claims, actions, suits, or legal proceedings against Plaintiffs-in-Limitation or the *M/Y Volare* or their insurers, with regard to any and all claims and causes of action which arise from or relate to, directly or indirectly, the capsizing and sinking of the *M/Y Volare*.

Based on Plaintiffs-in-Limitation's motion, the Complaint and the attachments, and the relevant law, Plaintiffs-in-Limitation's motion is **GRANTED**. Accordingly, **IT IS ORDERED THAT**:

1. The *ad interim* Stipulation for Value attached to the Complaint [Document 1-1] is accepted as an *ad interim* Stipulation for the purpose of this LOLA proceeding and that such is approved as to form and amount.

2. The Letter of Undertaking attached to the Complaint [Document 1-2] is accepted as surety for the purposes of this LOLA proceeding.

3. In accordance with Supplemental Rule F(4) and F(5) Notice and Monition is to issue to all persons, companies, and other entities asserting claims with respect to the capsizing and sinking of the *M/Y Volare* to file any claims arising out of the incident and or answer the complaint in this Court, and contemporaneously serve on Plaintiffs-in-Limitation's counsel by mail at 1238 Gardenia Dr., Houston, Texas 77018 or electronically at edwin@smithbarneslaw.com and service@smithbarneslaw.com any such filing **on or before January 11, 2027**, or be forever barred and defaulted.

4. Pursuant to Supplemental Rule F(4), Plaintiffs-in-Limitation's counsel must publish or cause to be published the Notice and Monition in the San Francisco Chronicle, a newspaper of general circulation in the San Francisco Bay, California area where the *M/Y Volare* sank, **once each week for four consecutive weeks** prior to **January 11, 2027**.

5. Pursuant to Supplemental Rule F(4), **not later than the day of second publication of the Notice and Monition**, Plaintiffs-in-Limitation's counsel shall provide copies of the Notice and Monition and this Order by certified mail, return receipt requested, postage prepaid, on counsel for any

persons, companies, or other entities who asserted a claim against Plaintiffs-in-Limitation or their insurer Progressive Direct Insurance Company in writing as a result of the sinking and capsizing of the *M/Y Volare* on July 14, 2026.

6. Pursuant to LOLA and Supplemental Rule F(3), the commencement or further prosecution of any and all claims, suits, actions, and legal proceedings of any nature against Plaintiffs-in-Limitation, the *M/Y Volare*, their property, or their insurers with regards to any and all claims and causes of action which arise from or relate to, directly or indirectly, the capsizing and sinking of the *M/Y Volare* are **ENJOINED** and **RESTRAINED**, pending the hearing and determination of this proceeding.

**IT IS SO ORDERED**.

DATED: September 10, 2026 ______________________________

United States District Judge
Haywood S. Gilliam